UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM SMITH, SR., #200445,

       Petitioner,

                                           Civil No: 2:08-CV-11389
                                           Honorable Denise Page Hood
                                           Magistrate Judge Michael Hluchaniuk

v.

JEFF WOODS,

       Respondent.
_____/

**OPINION & ORDER GRANTING MOTION TO EXPAND THE RECORD [DKT. # 5];
GRANTING MOTION FOR EXTENSION OF TIME TO FILE REPLY [DKT. # 11];
DENYING MOTION TO APPOINT COUNSEL [DKT. #14];
DENYING MOTION REQUESTING LEAVE TO SEEK DISCOVERY [DKT. # 15];
DENYING MOTION FOR EVIDENTIARY HEARING [DKT. # 17];
& REQUIRING RESPONDENT TO FILE A SUPPLEMENTAL BRIEF**

Petitioner has filed this habeas petition pursuant to 28 U.S.C. §2254 and raises several issues for the Court's review: (1) ineffective assistance of trial counsel; (2) use of illegal and unduly suggestive identification procedures; (3) *Brady v. Maryland*[1] violations; (4) Sixth Amendment right to confrontation violation; (5) actual innocence; (6) prosecutorial misconduct; (7) ineffective assistance of appellate counsel; and (8) denial of a fair trial relative to his post-conviction proceedings when the trial court failed to expand the record or hold an evidentiary hearing. He was convicted of first-degree murder, armed robbery, and arson of a dwelling. On June 3, 1993, Petitioner was sentenced to life imprisonment without the possibility of parole, for the murder and

---

[1] *Brady v. Maryland,* 373 U.S. 83 (1963).

armed robbery convictions, and thirteen to twenty (13-20) years for the arson charge.

Petitioner has filed several motions, none of which have been answered by Respondent. The Court's findings are detailed below.

**I. Discussion**

**A. Motion to Expand the Record**

Petitioner seeks to expand the record by adding several documents which will "significantly assist this Court in being able to assess the merits of Petitioner's claim of actual innocence, and his claims of constitutional error." (Mot. to Exp., pg. 8). These documents are attached to the habeas petition, and they include laboratory reports, witness statements, affidavits, letters, police reports, court docket entries, and newspaper clippings.

Rule 7(a) of the Rules Governing §2254 cases, 28 U.S.C. foll. §2254, indicates that if a habeas petition is not summarily dismissed, the district court judge "may direct the record be expanded by the parties by the inclusion of additional materials relevant to the determination of the merits of the petition." Rule 7(a), Rules Governing Section 2254 cases in the United States Disrict Courts, 28 U.S.C. foll. § 2254. A federal district court judge may employ a variety of measures to avoid the necessity of an evidentiary hearing in a habeas case, including the direction to expand the record to include evidentiary material that may resolve the factual dispute without the need for an evidentiary hearing. *Blackledge v. Allison,* 431 U.S. 63, 81-82 (1977).

Petitioner's motion was filed several months before the Rule 5 materials were submitted to the Court. The Court has reviewed the documents and to the extent the indicated materials are not already included within the Rule 5 materials, the Court will grant Petitioner's motion and permit the record to be expanded to include the specified documents that are attached to the habeas petition.

**B. Motion for Extension of Time to File a Reply Brief**

Petitioner has filed a motion for an extension of time in which to file a reply to Respondent's answer. He sought ninety (90) days from the date his motion was filed in which to reply. Petitioner has since filed an extensive reply brief [Dkt. #16] with the Court, which was entered within a forty-four (44) day time frame. The Court accepts the filing of Petitioner's reply brief and grants the motion.

**C. Motion to Appoint Counsel**

Petitioner asserts the following in support of his request for counsel:

> Mr. Smith raises numerous meritorious issues in his petition which require the guiding hand of counsel. Mr. Smith raises several colorable claims of actual innocence consisting of newly discovered and newly presented evidence which requires further explication, and the factual and legal issues involved with such claims are complex. Finally, Mr. Smith has a reasonable chance of curing the miscarriage of justice he is suffering as a result of this unconstitutional conviction.

(Mot. for Att. , pg. 4).

A habeas petitioner may obtain legal representation at any stage of the case "[w]henever the United States magistrate or the court determines that the interests of justice so require . . . ." 18 U.S.C. §3006A(a)(2)(B). The appointment of counsel for a habeas petitioner is within the discretion of the court. *See Thirkield v. Pitcher,* 199 F.Supp.2d 637, 653 (E.D. Mich. 2002); *Lavado v. Keohane*, 992 F. 2d 601, 604 (6th Cir. 1993).

Although there is generally no right to counsel in habeas cases, counsel may be appointed in exceptional cases. *Lavado,* 992 F.2d at 605. Such exceptional circumstances exist where a prisoner acting *pro se* has made a colorable claim, but lacks the means to adequately investigate, prepare or present it. *Maclin v. Freake,* 650 F.2d 885, 887 (7th Cir. 1981). "In determining whether exceptional circumstances exist, courts have examined the type of case and the abilities of the

plaintiff to represent himself." *Lavado v. Keohane,* 992 F.2d at 606 (internal quotations omitted). Those considerations "generally involve a determination of the complexity of the factual legal issues involved." *Id.* Appointment of counsel is not appropriate where a *pro se* litigant's claims are frivolous, or when the chances of success are extremely slim. *Id.*

Although, the Court does not find Petitioner's claims to be frivolous, Petitioner has failed to show that exceptional circumstances exist which would warrant the appointment of counsel. Should the Court find after reviewing this matter in more detail that an attorney should be appointed, it will reconsider its decision. No additional motions need to be filed regarding this issue. Petitioner's motion is denied without prejudice.

### D. Motion for Leave to Seek Discovery

Petitioner seeks discovery of the following information: (1) "evidence known to be withheld by the State, and evidence unknown to be withheld by the State;" (2) "all material evidence from the Troy Police Department and the Detroit Police Department;" and (3) "documents for which petitioner knows [are] being withheld by the state contrary to *Brady."*

"A habeas petitioner, unlike the usual civil litigant in federal court is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley,* 520 U.S. 899, 904 (1997). Instead, a habeas petitioner is entitled to discovery only if the district judge "in the exercise of his discretion and for good cause shown grants leave" to conduct discovery. *Id.*; *see also*, Rule 6 Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll.§ 2254. To establish "good cause" for discovery, a habeas petitioner himself may establish that the requested discovery will develop facts which will enable him or her to demonstrate that he or she is entitled to habeas relief. *Bracy,* 520 U.S. at 908-09 (noting that specific allegations demonstrating that the petitioner may be entitled to

4

relief and not mere speculative theories required before district court should grant discovery request.) The burden is on the petitioner to establish the materiality of the requested discovery. *See Stanford v. Parker,* 255 F.3d. 442, 460 (6th Cir. 2001). The Advisory Committee notes to Rule 6 indicate that any requested discovery must be relevant and appropriately narrow. *See* Rule 6 Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll.§ 2254.

Although Petitioner identifies several of the documents he is seeking and cites the reason for their disclosure, his request is not sufficiently narrow nor is some of the requested documentation particularly relevant. Petitioner's discovery request does not warrant granting his motion for discovery. The Court has recently received voluminous Rule 5 materials, a 453 page habeas petition including exhibits, a 38 page reply brief, and many motions with several exhibits attached for review. Should the Court find after reviewing these materials that additional discovery is necessary, it will reconsider its decision. No additional motions need to be filed regarding this issue. Petitioner's motion is denied without prejudice.

### E. Motion for Evidentiary Hearing

Petitioner requests an evidentiary hearing in order to: (1) address his habeas claims; (2) develop a full record and take testimony where appropriate; (3) permit review of newly discovered evidence; (4) review the failings of the trial court judge; (5) review his actual innocence claims; and (6) address any other questions this Court might have regarding this matter. (Mot. Evid. Hr'g., pg. 8).

In order for this Court to grant Petitioner's request for an evidentiary hearing, Petitioner must first demonstrate that a hearing permitted under 28 U.S.C. § 2254(e)(2), which, unless certain

exceptions apply, prevents this Court from granting Petitioner an evidentiary hearing if he "failed to develop the factual basis of [his] claim[s] in state court proceedings . . . ." 28 U.S.C. § 2254(e)(2). According to the United States Supreme Court, Congress' use of the phrase "'failed to develop' implies some lack of diligence . . . " *Williams v. Taylor,* 529 U.S. 420, 430 (2000). "Diligence . . . depends upon whether the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court . . . ." *Id.* at 435; see also *Washington v. Renico*, 455 F. 3d 722, 731 n. 4 (6th Cir. 2006) ("A petitioner is diligent when he requests, but is denied, an evidentiary hearing in state court . . . .")

Petitioner appears to have been diligent in seeking an evidentiary hearing in state court. The record indicates that Petitioner sought an evidentiary hearing in the trial court along with his motion for relief from judgment. He also requested an evidentiary hearing in his Michigan Court of Appeals and Michigan Supreme Court pleadings. Therefore, the Court concludes that an evidentiary hearing would be permissible under §2254(e)(2) because Petitioner has not "failed to develop the factual basis" of his claims in the state court proceeding. *Id.* at 430.

Notwithstanding the inapplicability of §2254(e)(2) to Petitioner's claims, he is not entitled to an evidentiary hearing. The United States Supreme Court recently explained,

> [i]n deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an application to prove the petition's factual allegations, which if true, would entitle the applicant to federal habeas relief. Because the deferential standards prescribed by §2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate.
>
> It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing.

*Schriro v. Landrigan,* 550 U.S. 465, 474 (2007) (citations and footnote omitted).

At this juncture, the Court finds that the record in this case is sufficient upon which to resolve Petitioner's claims and will deny Petitioner's motion. The Rule 5 materials are voluminous. The habeas petition, Petitioner's reply, and all pleadings filed by Petitioner are either textually extensive with lengthy and detailed with facts, analysis and legal support, or have multiple exhibits and appendices attached. Also, the Court is granting Petitioner's motion to expand the record *supra,* which further adds to evidence for the Court's review in lieu of an evidentiary hearing. Finally, the Court is ordering further briefing, *infra,* from Respondent relative to each of Petitioner's habeas claims.

However, Petitioner's motion will be reconsidered if following its review of the full record, the Court determines that an evidentiary hearing is required. No additional motions need to be filed regarding this issue. The motion is denied without prejudice.

**F. Order for Further Briefing from Respondent**

Respondent filed an answer to the habeas petition arguing two points: (1) the habeas petition is time barred, requiring its dismissal; and (2) Petitioner failed to present a meritorious actual innocence claim. Petitioner admits that his habeas petition is untimely, but asserts that the discovery of new evidence, the presentation[2] of existing evidence, and his credible claim of actual innocence, toll the statute of limitations. See *Souter v. Jones,* 395 F.3d 577, 588-90 (6th Cir. 2005).

Pursuant to the AEDPA, the statute of limitations runs from the latest of: a) the date on

---

[2]Petitioner asserts that although certain evidence was available at trial, it was suppressed by the prosecution, the police and his defense counsel, and was not made available to him for review.

which the judgment became final, i.e., when time for seeking direct review has expired; b) the date on which any impediment to filing the application was removed by the state; c) the date on which a newly enacted constitutional right was created and made retroactive to cases on collateral review; and d) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

Concerning § 2244(d)(1)(A) and a state-court-direct appeal, the one-year statute of limitations does not begin to run until the day after the petition for a writ of certiorari was due in the Supreme Court. *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000). Under Rule 13 of the Supreme Court Rules, a petition for a writ of certiorari "is timely when it is filed with the Clerk of this Court within 90 days after entry of judgment." SUP.CT.R.13.

Under § 2244(d)(2), the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending is not counted toward any period of limitation contained in the statute. A post-conviction relief petition is "properly filed" under the statute if it meets the applicable state rules governing filing. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). However, tolling is effective only when collateral review is properly sought within the limitations period. *Id.*

In the pending case, Petitioner did not file his application for writ of habeas corpus within the statute of limitations pursuant to § 2244(d)(1)(A). Petitioner's application for leave to appeal to the Michigan Supreme Court was denied on November 22, 1996. Petitioner then had ninety days from the Michigan-Supreme-Court's Order, denying his application for leave to appeal, in which to seek a writ of certiorari with the United States Supreme Court. SUP.CT.R.13. With regard to the statute of limitations, his convictions became final on or about February 22, 1997, or when the time

for seeking direct review of his convictions expired. *See* 28 U.S.C. 2244(d)(1)(A). The limitations period commenced the following day, February 23, 1997, and continued to run uninterrupted until it expired on February 23, 1998. Accordingly, Petitioner was required to file his habeas petition on or before February 23, 1998, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244 (d)(2). Petitioner did not file a state-court motion for relief from judgment until November 2004. Thus, under § 2244(d)(1)(A) the one-year limitations period had expired on February 23, 2007.

Notwithstanding the expiration of the one-year limitations period pursuant to § 2244(d)(1)(A), the Court finds that Petitioner has presented a credible argument, and Respondent agrees, *infra,* that certain evidence was newly discovered in 2004 and 2005 which made it challenging for Petitioner to bring particular habeas claims that are presently before the Court at an earlier point in time, and therefore §2244(d)(1)(D) applies in the present matter. *See* 28 U.S.C §2244(d)(1)(D) (The one year statute of limitations shall run from the latest of: . . . (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.)

One example of such evidence is the 2004 recantation testimony of a prosecution witness, Joan Sheldon Krasnicki, who implicated Petitioner in the charged offenses at his initial trial. Clearly, this evidence was not available or presented in Petitioner's 1993 trial; and the evidence is new and reliable. At this juncture, the Court is not making a determination on the merit of Petitioner's claims which are based upon Ms. Krasnicki's recantation. However, Petitioner has demonstrated enough new evidence to survive a dismissal on statute of limitations grounds. Therefore, pursuant to 28 U.S.C. §2244(d)(1)(D), the new evidence or the factual predicate of

Petitioner's claim could not have been discovered through the exercise of due diligence; and the instant habeas petition survives Respondent's statute of limitations challenge.

Alternatively, another basis on which this Court finds that Petitioner's habeas petition is timely filed is Petitioner's credible claim of actual innocence. *Souter v. Jones,* 395 F.3d 577, 601 (6th Cir. 2005). "[A]ctual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States,* 523 U.S. 614, 623-24 (1998). To this end, in order to establish actual innocence, the petitioner must demonstrate "that more likely than not any reasonable juror would have reasonable doubt" in light of the new evidence. *Id.; see also House v. Bell,* 547 U.S. 518, 538 (2006). However, to prevail on a claim of actual innocence, a habeas petitioner generally has "to support his allegations of constitutional error with new reliable evidence [whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence] . . . that was not presented at trial." *Schlup v. Delo,* 513 U.S. 298, 324 (1995); *see also Souter,* 395 F.3d at 600 (explaining that the actual innocence exception for time barred claims is limited to the rare and extraordinary case where a habeas petitioner presents new evidence which undermines the reviewing court's confidence in the outcome of the trial).

The Court concludes and Respondent agrees that Petitioner has stated an arguable claim of actual innocence, which is sufficient to overcome his failure to comply with the statute of limitations[3]. Using the same recantation testimony evidence as an example, although the Court is

---

[3]Respondent certainly argues that Petitioner's actual innocence claim lacks merit. However, Respondent, also states that "the only alleged pieces of evidence that this Court should examine for purposes of Petitioner's actual innocence claim are the pieces listed above (I through IV)." (Respondent's Answer, pg. 11). Therefore, Petitioner has presented sufficient evidence for the instant habeas petition to survive dismissal on statute of limitations grounds and for the issue of actual innocence to be reviewed on the merits.

not making a dispositive determination regarding Petitioner's actual innocence claim, the Court finds that that evidence was not introduced at trial and *could* have undermined the reviewing court's confidence in the outcome of the trial, despite the existence of other evidence which incriminated the Petitioner.

The Court further finds that the basis upon which Petitioner's actual innocence claims relies (i.e., discovery of new and reliable evidence) permeates his other habeas claims (i.e., ineffective assistance of trial counsel; use of illegal and unduly suggestive identification procedures; *Brady v. Maryland* violations; Sixth Amendment right to confrontation violation; prosecutorial misconduct, etc.). Therefore, Respondent is ordered to submit a supplemental brief with substantive responses to each of Petitioner's habeas claims.

## II.  Conclusion

Accordingly,

IT IS ORDERED that the "Petitioner's Motion to Expand the Record" **[Dkt. #5, filed on April 14, 2008]** is GRANTED.

IT IS FURTHER ORDERED that "Petitioner's Motion to Extend Time to File a Reply" **[Dkt. #11, filed on October 21, 2008]** is GRANTED.

IT IS FURTHER ORDERED that Petitioner's "Motion for Appointment of Counsel" **[Dkt. #14, filed on December 8, 2008]** is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that "Petitioner's Motion Requesting Leave to Seek Discovery" [**Dkt. #15, filed on December 8, 2008**] is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Petitioner's "Motion for Evidentiary Hearing" [**Dkt. #17,**

**filed on December 8, 2008**] is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Respondent file a supplemental brief with substantive responses to each of Petitioner's habeas claims within forty-five (45) days from the date of this Order. Petitioner may file a reply brief if he so chooses within thirty (30) days of receiving Respondent's answer.

                                                           S/Denise Page Hood
                                                           Denise Page Hood
                                                           United States District Judge

Dated: March 25, 2009

I hereby certify that a copy of the foregoing document was served upon William Smith, Sr., Reg. No. 200445, Kinross Correctional Facility, 16770 Watertower Drive, Kincheloe, MI 49785 and counsel of record on March 25, 2009, by electronic and/or ordinary mail.

                                                           S/William F. Lewis
                                                           Case Manager